**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-60064**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOHN H. O'BRYANT,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Mississippi**
**( 1:95-CR-33-D )**
_____

August 14, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

John H. O'Bryant appeals his jury conviction and sentence for possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1) & (b)(1)(C), possession of marijuana with intent to distribute under § 841(a)(1) & (b)(1)(D), and using and carrying a firearm during and in relation to a drug-trafficking offense under § 924(c)(1).

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

O'Bryant contends that the district court abused its discretion in refusing to allow him to present the testimony of a Sheriff and an attorney who represented O'Bryant in prior state drug cases, to support the theory that the state and federal officers planted the drugs. Of course, review of a district court's evidentiary ruling is "highly deferential", and we will generally reverse only for an abuse of discretion. *United States v. Williams*, 993 F.2d 451, 457 (5th Cir. 1993). The court did not abuse its discretion in concluding that the witnesses' testimony, which concerned only the 1992 state drug case against O'Bryant, was not relevant to the issues of O'Bryant's guilt as to the charges in the instant case. Accordingly, we **AFFIRM** O'Bryant's convictions under § 841(a)(1), (b)(1)(C) & (b)(1)(D).

O'Bryant contends that his conviction under § 924(c)(1) for using and carrying a firearm in relation to a drug-trafficking offense should be reversed based on the Supreme Court's recent decision in *United States v. Bailey*, ___ U.S. ___, 116 S. Ct. 501 (1995). The Government counters that, although the evidence may be insufficient post-*Bailey* to support the "use" prong of § 924(c)(1), it is sufficient to support the "carry" prong.

But, because the jury may have rendered the guilty verdict based on the pre-*Bailey* instructions concerning the "use" prong of § 924(c)(1), we **REVERSE** O'Bryant's § 924(c)(1) conviction and

2

**REMAND** for a retrial based on the "carry" prong.  *See* ***United States***

***v. Fike,*** 82 F.3d 1315, 1327-28 (5th Cir. 1996).

        *AFFIRMED IN PART* **and** *REVERSED* **and** *REMANDED IN PART*